MIZELL v. ELMORE & HAMILTON CONTRACTING CO. et al.

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

No. 17.

CORPORATIONS ☞565—INSOLVENCY—RECEIVERS—CLAIMS—PROOF—BOOK ENTRIES.

A claim by the executrix of the president of an insolvent corporation in the hands of a receiver for salary from January 1, 1908, to May 10, 1910, the date of the president's death, proved only by entries in the books of the corporation, the first of which was dated January 31, 1910, reading, "a/c salary from Jan. 1, 1908, to Jan. 1, 1910, 24 months, at $500 per month, $12,000," and followed by five other entries at monthly intervals, "salary for month of January (or some other month), 1910, $500," was properly disallowed; such entries, unexplained and uncorroborated by other evidence, being insufficient to make out a prima facie case.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2281, 2282; Dec. Dig. ☞565.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal of Lydia H. Elmore, as executrix of the will of Mike Elmore, from an order of the District Court, Southern District of New York, disallowing her claim against the estate of the Elmore & Hamilton Company, now in the hands of a receiver appointed by said court.

H. Kohlmann, of New York City, for appellant.

F. L. Kohlman, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Mike Elmore was the president, a director, and stockholder of the company. He died May 10, 1910, before receiver was appointed. The claim is for salary alleged to be due him from January 1, 1908, to the day of his death. What were the services which this sum represents does not appear. The only proofs offered in support of the claim are certain unexplained entries in the books of the corporation. The first of these is dated January 31, 1910, and reads:

"Mike Elmore a/c salary from Jan. 1, 1908, to Jan. 1, 1910, 24 months, at $500 per month, $12,000."

Five other entries at monthly intervals read:

"Salary for month of January [or some other month], 1910, $500."

The special master disallowed the claim, and the court affirmed his action. Without now expressing any opinion as to the proposition advanced by the receiver that a corporation cannot agree to pay one of its officers for special services rendered, unless such agreement antedates the rendition of the services, we think the order should be affirmed, because there is not sufficient proof to support the claim. Whatever may be the effect of entries to the credit of an individual on the books of a corporation, when the controversy is between that individual (or his successor) and the corporation, we are satisfied that when a claim against the receiver of a corporation, who represents other creditors (as well as the corporation), is evidenced solely by such entries as these proved here—the first entry being of a most unusual, not to say suspicious, character—something more than the entries is required to make out a prima facie case.

The order is affirmed, with costs.